UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CIVIL COURT OF THE CITY OF NEW
YORK, COUNTY OF BRONX, INC. ET AL,

**Plaintiffs,**

-against-

JANELLE ALEXANDRIA AEIRESS
ROYALTI EL,

**Defendant.**

---

**1:26-cv-02869 (ALC)**

<u>**ORDER**</u>

**ANDREW L. CARTER, JR., United States District Judge:**

On April 7, 2026, a Notice of Removal was filed with this Court, removing this action from Bronx Civil Court. *See* ECF No. 1 (Notice of Removal). On April 9, 2026, this Court issued an Order to Show Cause ("OSHOW") as to why this matter should not be remanded to Bronx Civil Court due to lack of subject matter jurisdiction and untimely removal. *See* ECF No. 4. On April 22, 2026, Defendant Janelle Alexandria Aeiress Royalti El ("Defendant") filed a response to the Court's OSHOW. *See* ECF No. 5.

"Courts must afford pro se plaintiffs 'special solicitude'" in reviewing their filings. *Quadir v. New York State Dep't of Lab.*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting Ruotolo v. I.R.S., 28 F.3d 6, 8 (2d Cir.1994)). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "This policy of liberally construing pro se submissions is driven by the understanding that implicit in the right of self- representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475

1

(2d Cir. 2006) (internal quotations and modifications omitted). Therefore, courts read pro se filings "to raise the strongest arguments that they suggest." Id. at 474.

The Second Circuit has held that a court can remand a case *sua sponte* under two circumstances pursuant to 28 U.S.C. § 1447(c). A district court can remand *sua sponte* on procedural grounds within thirty (30) days of the filing of the notice of removal. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Ath.*, 435 F.3d 127, 131 (2d Cir. 2006) (citing *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 644 (2d Cir. 1993)). A district court can also remand *sua sponte* at any time if the district court it lacks subject matter jurisdiction. *Id*. Remand is appropriate here because the Court lacks subject matter jurisdiction and because the case was not removed within the time constraints of Section 1446(b).

## I.    The Court Lacks Subject Matter Jurisdiction

### a.  The Court Lacks Diversity of Citizenship Jurisdiction

Any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizenships of different States. 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1446.

The Court noted in its OSHOW that "[b]ased on the Notice of Removal, there appears to be no diversity of citizenship nor federal question jurisdiction." *See* ECF No. 4. Plaintiff argues otherwise. Specifically, Defendant states, "[t]hough, a diversity of jurisdiction in this matter does

indeed exist, the principles outlined herein are the basis foundation and framework for which I state my claim, and diversity is but a mere supportive component, and not a part of said framework." ECF No. 5. First, despite her claims, Defendant does not sufficiently allege diversity of citizenship. The Notice of Removal notes Defendant is a resident of Bronx, New York. *See* ECF No. 1. Plaintiff, Arnow and Frace LLC, is Defendant's landlord. *See id*. Outside of noting "the entity pursuing this case is an LLC, a corporation, a legal fiction, an inanimate objection," Defendant does not specifically allege any citizenship as to Plaintiffs. Further, Defendant does not note any amount in controversy that exceeds $75,000. *See id*. "Where subject matter jurisdiction is contested, courts are permitted to look to materials outside the pleadings, including documents appended to a notice of removal or a motion to remand that convey information essential to the court's jurisdictional analysis." *Anguiano v. Vukovojac*, No. 21-CV-7523 (RA), 2021 U.S. Dist. LEXIS 244497, at *1. The only monetary figure noted is the sum of $34,125 in unpaid rent that Defendant was being sued for in Bronx Housing Court. *See* ECF No. 1. This amount is insufficient to meet the amount in controversy requirement for diversity jurisdiction.

### b. The Court Lacks Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over all civil actions arising under the United States Constitution and the laws and treaties of the United States. "The party seeking removal bears the burden of establishing that this court has jurisdiction over its claims." *Anguiano v. Vukovojac*, No. 21-CV-7523 (RA), 2021 U.S. Dist. LEXIS 244497, at *1 (S.D.N.Y. Dec. 22, 2021). Where a party does not meet this burden, a "federal court has a continuing obligation to satisfy itself that federal jurisdiction over the matter

before it is proper." *See id*. Indeed, "[b]ecause statutory procedures for removal are to be strictly construed, federal courts resolve any doubts against removability." *See id*.

Although Defendant states federal causes of action in the removal petition, the basis for determining federal-question jurisdiction is the Plaintiff's well-pleaded complaint, not Defendant's Notice of Removal. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction [on a removed case] is governed by the 'well -pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint.") (internal citations omitted); *see also Fleet Bank, Nat'l Ass'n v. Burke*, 160 F.3d 883, 886 (2d Cir. 1998) ("[The well-pleaded complaint] rule requires a complaint invoking federal question jurisdiction to assert the federal question as part of the plaintiff's claim[] and precludes invoking federal question jurisdiction merely to anticipate a federal defense.") (internal citations omitted). Indeed, "[r]emoval is impermissible where the claim for jurisdiction is premised only upon answers, defenses, or counterclaims." *Omlor v. Amelio*, No. 24-CV-10057 (AT)(SN), 2025 WL 346664, at *3 (S.D.N.Y. Aug. 8, 2025), <u>report and recommendation adopted</u>, No. 24-CV-10057 (AT)(SN), 2025 WL 3224991 (S.D.N.Y. Nov. 18, 2025).

This action initially arose in Bronx Housing Court as a Petition against Janelle Stein by her landlord Arnow & Grace LLC for non-payment of rent in the amount of $34, 125. *See* ECF No. 1. Nothing in the *Plaintiff's* original state court petition asserts a claim implying federal question jurisdiction. Defendant alleges the Court has federal question jurisdiction because her Notice of Removal "outlined issues stemming from the violations of Bill of Right 4 and Bill of Right 5 which led to the filing of Title 18 USC 142 & 242." *See* ECF No. 5. However, these issues are not raised by the Plaintiff, but are raised solely by Defendant as defenses or possible

counterclaims in response to Plaintiff's original petition. For the reasons discussed above, this is improper. As such, because the original petition does not state a federal claim, the Court lacks subject matter jurisdiction over the underlying state court action. Even if the Court had federal question jurisdiction, the Defendant did not remove this action within the mandatory time constraints of 28 U.S.C. § 1446.

### II.    Removal is Untimely Under 28 U.S.C. § 1446(b)

Since the Court issued its OSHOW within thirty (30) days of the filing of the Notice of Removal, the Court can remand the case for untimely removal, a procedural ground. *See, e.g., JP Morgan Chase Bank, N.A. v. Caires*, 768 F. App'x 73, 75 (2d Cir. 2019) (summary order) ("Although [grounds for remand] are both undoubtedly procedural . . . and thus fall within § 1447(c)'s 30-day limit, we conclude that requirement was satisfied" because "[t]he district court asked [defendant] to show cause why his case should not be remanded to the district court *one day* after his notice of removal was filed.") (emphasis in original); *see also Cassara v. Ralston*, 832 F. Supp. 752, 753 (S.D.N.Y. 1993) (Sotomayor, D.J.) (noting that the motion for remand had been brought *sua sponte* by Order to Show Cause).

Section 1446(b) states that "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). It is well established that a case is removable and the 30-day removal clock begins to run when a defendant can "intelligently ascertain removability from the face of [the initial] pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-206 (2d Cir. 2001) (quoting *Richstone v. Chubb Colonial Life Ins.*, 988 F. Supp. 401, 403 (S.D.N.Y. 1997) (internal

quotation marks omitted). In a diversity case, "[a] pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support the removal petition" including "the amount in controversy and the address of each party." *Id.*

The Housing Petition was filed in Bronx Civil Court on December 2, 2025. *See* ECF No. 1. Defendant filed the Notice of Removal on April 7, 2026. *See id.* Defendant's Notice of Removal does not provide any explanation for the failure to remove within 30 days after being served with the Housing Petition in December of 2025. Defendant generally complains about the fairness of the timing requirements of 1446(b). *See* ECF No. 5 at 3 ("As to 1446(b) and it's seeming time constraints along with the federal question remedy, this statute leaves one to question . . ."). However, "'[t]he time limitations in 28 U.S.C. § 1446(b) [are] mandatory and [must be] strictly construed in accordance with the computation principles set forth in Federal Rule of Civil Procedure 6.'" *Garcia v. Thomson & Johnson Equip. Co.*, No. 25-CV-4834 (NGG)(CHK), 2025 WL 2625038, at *1 (E.D.N.Y. Sept. 10, 2025) (citing *Cohen v. Reed*, 868 F. Supp. 489, 496 (E.D.N.Y. 1994)).

Accordingly, the Court here lacks subject matter jurisdiction due to the lack of diversity and federal question jurisdiction. In any event, removal of this action was untimely. As such, Clerk of Court is respectfully **ORDERED** to **REMAND** this matter back to Bronx Civil Court.

**SO ORDERED.**

Dated:    **June 12, 2026**
          **New York, New York**

_____
        **ANDREW L. CARTER, JR.**
        **United States District Judge**

6